IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAN PROFT and <br> LIBERTY PRINCIPLES PAC, <br>            Plaintiffs, <br>     v. <br> LISA MADIGAN *et al*., <br>            Defendants. | No. 18 CV 4947 <br><br> Judge Virginia Kendall |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Lisa Madigan, Attorney General of Illinois, and the members of the Illinois Board of Elections, by their attorney, Lisa Madigan, Attorney General of Illinois, hereby answer Plaintiffs' Complaint as follows:

1. The Illinois Election Code limits the contributions that individuals and organizations may make to candidates for state elective offices.

**ANSWER: Defendants admit that the Election Code in some circumstances limits contributions to candidates for political office.**

2. The Code eliminates all such limits, however, in any race in which a candidate's self-funding, or independent expenditures supporting or opposing a candidate, exceed a threshold amount: $250,000 in a race for statewide office, or $100,000 in any other race.

**ANSWER:** **Defendants admit the allegations of Paragraph 2.**

3. There is, however, one exception to that rule: the Code *never* allows groups registered as "independent expenditure committees" to contribute to, or even coordinate with, a candidate, even in a race in which the limits have been eliminated for everyone else.

**ANSWER:** **Defendants admit the allegations of Paragraph 3.**

4. This exception is not justified. Groups registered as independent expenditure committees do not pose a unique threat of corruption that could justify banning them from contributing to candidates at times when all others, including ordinary political action committees, may do so without limitation.

**ANSWER:** **Defendants deny the allegations of Paragraph 4.**

5. The Code therefore unfairly, unreasonably restricts the free-speech and free-association rights of independent expenditure committees and the citizens who form those committees to engage in political speech. This lawsuit therefore seeks an injunction that would allow Plaintiffs and other independent expenditure committees to participate in races in which the limits that apply to others have been eliminated to the same extent as individuals and other organizations.

**ANSWER:** **Defendants deny the allegations of Paragraph 5.**

## JURISDICTION AND VENUE[1]

6. Plaintiffs bring this suit under 42 U.S.C. §§ 1983 and 1988 to seek relief for state violations of their constitutional rights. This Court therefore has jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), 2201 and 2202.

**ANSWER:** **Defendants admit that Plaintiffs purport to bring this action pursuant to 42 U.S.C. §§ 1983 and 1988. Defendants admit that the United States District Court for the Northern District of Illinois has jurisdiction over proper lawsuits brought under 42 U.S.C. §§ 1983 and 1988, and does not contest jurisdiction in this case. Defendants deny they have violated any party's constitutional rights, and deny all remaining allegations of Paragraph 6.**

7. Venue is proper under 28 U.S.C. § 1391(b).

**ANSWER:** **Defendants admit that venue is proper.**

## PARTIES

8. Plaintiff Dan Proft is a radio host, political consultant, and political activist who associates with others to engage in speech to promote free-market principles, support candidates

---

[1] The headings and sub-headings in the Plaintiffs' Complaint are reproduced here for the convenience of the Court and the parties and are not admissions.

for state elective offices in Illinois who share those principles, and oppose candidates for state elective offices in Illinois who do not share those principles.

**ANSWER:** **Defendants admit that Plaintiff Proft is active in various political activities. Defendants have insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 8.**

9. Plaintiff Liberty Principles PAC is an entity Mr. Proft founded for the purpose of associating with others to make communications supporting or opposing candidates based on whether they support free-market principles. Mr. Proft is the entity's chairman and treasurer, and he has registered the entity with the Illinois State Board of Elections as an "independent expenditure committee."

**ANSWER:** **Defendants admit that Liberty Principles PAC is an independent expenditure committee and that Mr. Proft is the organization's chairman and treasurer. Defendants have insufficient knowledge or information to form a belief about the truth of the remaining allegations of this Paragraph 9.**

10. Defendant Lisa Madigan is the Attorney General of the State of Illinois and maintains an office in Cook County, Illinois. She has the power to prosecute violations of the Illinois Election Code's provisions restricting campaign contributions under 10 ILCS 5/9-25.2.

**ANSWER:** **Defendants admit the allegations of Paragraph 10.**

11. Defendant William J. Cadigan is the Chairman and a member of the Illinois State Board of Elections (the "Board"), which maintains an office in Cook County. The Illinois Election Code authorizes the Board to assess a fine against any independent expenditure committee that makes an unauthorized contribution to another political committee. 10 ILCS 5/9-8.6(d).

**ANSWER:** **Defendants admit the allegations of Paragraph 11.**

12. Defendant John R. Keith is Vice Chairman and member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 12.**

13. Defendant Andrew K. Carruthers is a member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 13.**

14. Defendant Ian K. Linnabary is a member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 14.**

15. Defendant William M. McGuffage is a member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 15.**

16. Defendant Katherine S. O'Brien is a member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 16.**

17. Defendant Charles W. Scholz is a member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 17.**

18. Defendant Casandra B. Watson is a member of the Board.

**ANSWER:** **Defendants admit the allegations of Paragraph 18.**

19. All Defendants are sued in their official capacities.

**ANSWER:** **Defendants admit the allegations of Paragraph 19.**

## FACTS

**Illinois' Campaign Contribution Limits**

20. In 2009, Illinois amended its Election Code to limit the contributions that individuals and organizations may make to candidates for state elective offices, limit the contributions that various types of political committees may receive, and require political committees of all kinds to disclose the contributions they receive and the expenditures they make. *See* Ill. Public Act 96-832.

**ANSWER:** **Defendants admit the allegations of Paragraph 20.**

21. The contribution limits enacted in 2009 restrict the amounts that individuals and organizations may contribute to a candidate's political committee in an election cycle: individuals may give no more than $5,000; political action committees ("PACs") may give $50,000; and corporations, unions, and other associations may give $10,000. 10 ILCS 5/9-8.5(b). (These limits, and all monetary amounts from the Illinois Election Code referenced below, are subject to adjustment for inflation at the beginning of every election cycle. 10 ILCS 5/9-8.5(g).)

**ANSWER:** **Defendants admit that the contribution limits in the Election Code restrict the amounts that individuals and organizations may contribute to a candidate's political committee in an election cycle, and further admit that the contribution limits**

4

stated in Paragraph 21 are the limits provided in 10 ILCS 5/9-8.5(b). Defendants deny that these contribution limits are adjusted for inflation "at the beginning of every election cycle"; rather, contribution limits are adjusted for inflation on January 1 of each odd-numbered year. The "election cycle" varies by the type of committee and, for candidate committees, the election date for the office sought. *See* 10 ILCS 5/9-1.9.

22. The General Assembly did not limit the amount that a political party committee may contribute to a candidate in a general election, but it did limit the amounts a party could give in a primary election: $200,000 to a candidate for statewide office; $125,000 to a candidate for the Illinois Senate; and $75,000 to a candidate for the Illinois House of Representatives. 10 ILCS 5/9-8.5(b).

**ANSWER:** **Defendants admit the allegations of Paragraph 22.**

23. When the Illinois General Assembly enacted the above contribution limits, it also made an exception: if, in a particular race, a candidate contributes more than a certain amount to his or her own campaign - $250,000 in a race for statewide office, or $100,000 in any other race - then all candidates in that race may accept unlimited contributions from any donor - *i.e.,* from any individual, PAC, political party committee, candidate committee, corporation, union, or other association. 10 ILCS 5/9-8.5(h).

**ANSWER:** **Defendants admit the allegations of Paragraph 23.**

24. In addition to limiting the contributions that candidates can receive from individuals and organizations, the 2009 Code amendments also limited the contributions that other types of political committees may receive.

**ANSWER:** **Defendants admit the allegations of Paragraph 24.**

25. In a given election cycle, an individual may contribute no more than $10,000 to a PAC; a corporation, union, political party, or other association may give no more than $20,000; and another PAC may give no more than $50,000 to another PAC. 10 ILCS 5/9-8.5(d).

**ANSWER:** **Defendants admit that the contribution limits stated in Paragraph 25 are the limits provided in 10 ILCS 5/9-8.5(d), but further state that these limits are adjusted for inflation on January 1 of each odd-numbered year.**

26. Similarly, in a given election cycle, an individual may contribute no more than $10,000 to a party committee; a corporation, union, or other association may give no more than $20,000; and a PAC may contribute no more than $50,000. 10 ILCS 5/9-8.5(c).

5

**ANSWER: Defendants admit that the contribution limits stated in Paragraph 26 are the limits provided in 10 ILCS 5/9-8.5(c), but further state that these limits are adjusted for inflation on January 1 of each odd-numbered year.**

27. The "contributions" the Code restricts include not only cash payments to a political committee but also, among other things, expenditures that a political committee makes "in cooperation, consultation, or concert with another political committee," 10 ILCS 5/9-1.4(A)(5), which are commonly referred to as "coordinated expenditures."

**ANSWER: Defendants admit the allegations of Paragraph 27.**

28. The Code prohibits any individual or organization from forming more than one PAC. 10 ILCS 5/9-2(d).

**ANSWER: Defendants admit the allegations of Paragraph 28, but further state that this section does not apply to independent expenditure committees.**

29. The Code defines a PAC to include any person or organization (other than a candidate, a political party, or a candidate or party's committee) "that accepts contributions or makes expenditures during any 12-month period in an aggregate amount exceeding $5,000 on behalf of or in opposition to a candidate or candidates for public office" or "makes electioneering communications during any 12-month period in an aggregate amount exceeding $5,000 related to any candidate or candidates for public office." 10 ILCS 5/9-1.8(d).

**ANSWER: Defendants admit the allegations of Paragraph 29.**

**Illinois' Regulations of Independent Expenditures**

30. The Code's restrictions on PACs originally applied to both PACs that make contributions to candidates and PACs that only make independent expenditures - *i.e.,* PACs that only make expenditures "to advocate for or against a specific candidate without coordination with any public official, candidate, or political party." *Personal PAC v. McGuffage,* 858 F. Supp. 2d 963 (N.D. Ill. 2012).

**ANSWER: Defendants admit the allegations of Paragraph 30, but note that the nomenclature has now changed with the further definition of an "independent expenditure committee" as separate from a PAC.**

31. In 2012, however, this Court held that the Code's limits on contributions to PACs, and its rule prohibiting anyone from forming more than one PAC, were unconstitutional as applied to PACs that only make independent expenditures. *Id.* at 967-69.

**ANSWER:** **Defendants admit the allegations of Paragraph 31.**

32. The Court based that decision on Supreme Court precedent establishing that the First Amendment prohibits restrictions on independent expenditures because such expenditures do not create a risk of *quid pro quo* corruption. *Personal PAC,* 858 F. Supp. 2d at 967-69 (citing *Citizens United v. FEC,* 558 U.S. 310, 340 (2010); *Wis. Right to Life State PAC v. Borland,* 664 F.3d 139, 154 (7th Cir. 2011)).

**ANSWER:** **Defendants admit the allegations of Paragraph 32.**

33. After the *Personal PAC* decision, the Illinois General Assembly amended the Illinois Election Code to address independent expenditures specifically.

**ANSWER:** **Defendants admit the allegations of Paragraph 33.**

34. Under that amendment, individuals who make independent expenditures of $3,000 or more in a 12-month period must file written disclosures of their expenditures with the Board. 10 ILCS 5/9-8.6(a).

**ANSWER:** **Defendants admit the allegations of Paragraph 34.**

35. Any entity (other than a natural person) that makes independent expenditures must register with the Board as a political committee. 10 ILCS 5/9-8.6(b).

**ANSWER:** **Defendants admit that any entity (other than a natural person) that makes independent expenditures exceeding $3,000 during any 12-month period must register with the Board as a political committee.**

36. If an entity wishes to receive unlimited contributions to support its independent-expenditure advocacy, it must register with the Board as an "independent expenditure committee," and its chairperson must sign a statement verifying that the committee is "for the exclusive purpose of making independent expenditures" and that "the committee may accept unlimited contributions from any source" only if it does not make contributions to any candidate, party committee, or PAC. 10 ILCS 5/9-3(d-5), 9-8.5(e-5).

**ANSWER:** **Defendants admit the allegations of Paragraph 36.**

37. If an independent expenditure committee makes a contribution to a candidate committee, political party, or PAC, the Board may impose a fine on the committee "equal to the

amount of any contribution received in the preceding 2 years by the committee that exceeded the limits" that would have applied to the committee if it had registered as an ordinary PAC. 10 ILCS 5/9-8.6(d).

**ANSWER:** **Defendants admit the allegations of Paragraph 37.**

38. The Code requires an independent expenditure committee to follow the same rules for disclosure of contributions and expenditures that PACs and other political committees must follow. 10 ILCS 9-8.5(e-5), 9-10, 9-11.

**ANSWER:** **Defendants admit the allegations of Paragraph 38.**

39. When the General Assembly amended the Code to address independent expenditures, it added a new exception to the Code's limits on contribution to candidates: Now, the limits in a race are eliminated when either a candidate's self-funding *or* independent expenditures supporting or opposing a candidate (in the aggregate) exceed $250,000 in a race for statewide office or $100,000 in any other race. 10 ILCS 5/9-8.5(h), (h-5).

**ANSWER:** **Defendants admit the allegations of Paragraph 39.**

40. The Code's limit-lifting provisions can give rise to an anomalous situation: In a race where all limits on contributions to candidates have been eliminated, every person and organization may give a candidate unlimited amounts and may coordinate with a candidate when making expenditures without limitation - except independent expenditure committees, which remain prohibited from coordinating with candidates or otherwise contributing to them.

**ANSWER:** **Defendants admit that 10 ILCS 5/9-8.5(h) and (h-5) allow individuals and organizations other than independent expenditure committees to give a candidate unlimited amounts and to coordinate with a candidate in making expenditures and further admit that independent expenditure committees remain prohibited from coordinating with candidates or otherwise contributing to them. Defendants deny that this situation is "anomalous" and deny all remaining allegations of Paragraph 40.**

**Injury to Plaintiffs**

41. Plaintiff Dan Proft is a political activist who associates with others for the purpose of communicating with the public about political ideas and candidates for state elective office in Illinois.

**ANSWER:** **Defendants admit that Plaintiff Proft is active in various political activities. Defendants have insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 41.**

42. Mr. Proft would like to raise unlimited funds from like-minded individuals and organizations and, in turn, spend unlimited amounts on communications (such as television and radio advertisements and literature) supporting and opposing candidates for state elective offices.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42.**

43. Mr. Proft also would like to be able to communicate and coordinate freely with the candidates he supports because he believes that doing so would make his communications (and the candidates' communications) to the public more effective.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43.**

44. The Code, however, does not allow Mr. Proft to do all these things he wishes to do.

**ANSWER:** **Defendants admit that the Election Code places limits on independent expenditure committees. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 44.**

45. To associate with others to speak about candidates for office, Mr. Proft must choose between two imperfect alternatives. Under Illinois law, he may either: (1) form a PAC and be subject to limits on the funds he can raise and, except in races where the limits have been lifted, on the contributions and coordinated expenditures he can make; or (2) form an independent expenditure committee and be totally, permanently prohibited from making contributions and coordinated expenditures.

**ANSWER:** **Defendants admit that PACs are subject to limits on the funds that they may raise, and except in races where the limits have been lifted, on the contributions and coordinated expenditures they may make. Defendants further admit that independent expenditure committees are prohibited from making direct contributions to candidates and**

9

**from making coordinated expenditures. Defendants deny that PACs and independent expenditure committees are the only two options for speaking about candidates for office, and further deny all remaining allegations of Paragraph 45.**

46. Faced with this choice, Mr. Proft elected in 2012 to form Liberty Principles PAC as an independent expenditure committee.

**ANSWER: Defendants admit that Liberty Principles PAC is an independent expenditure committee formed in 2012 and that Mr. Proft is the organization's chairman and treasurer. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 46.**

47. Since then, Liberty Principles PAC has raised funds from donors and made independent expenditures in many Illinois legislative races while complying with all of the Code's restrictions, disclosure requirements, and other rules for independent expenditure committees.

**ANSWER: Defendants admit that Liberty Principles PAC has raised funds from donors and has made independent expenditures in various Illinois elections. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 47.**

48. In races in which the limits on contributions to candidates have been eliminated under 10 ILCS 5/9-8.5(h) or (h-5), Mr. Proft would like to contribute to, and communicate and coordinate with, the candidates he supports through Liberty Principles PAC.

**ANSWER: Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 48.**

49. He cannot do so, however, because the Code prohibits independent expenditure committees from making contributions to candidates even when the contribution limits have been eliminated for individuals and every other type of entity.

**ANSWER: Defendants admit the allegations of Paragraph 49.**

50. For example, in the 2018 primary election, Liberty Principles PAC made independent expenditures in numerous races in which the limits on contributions to candidates

10

were eliminated under 10 ILCS 5/9-8.5(h-5), including the races for State Representative for the 46th, 49th, 53rd, 56th, 62nd, 82nd, 93rd, 101st, 108th, 109th, 110th, and 115th Districts.

**ANSWER:** **Defendants admit that Liberty Principles PAC made independent expenditures in the 2018 primary elections, but have insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 50.**

51. In each of those races, after the contribution limits were eliminated for others, Liberty Principles PAC could have and would have coordinated with, or otherwise made contributions to, a candidate in the race if the Illinois Election Code had not forbidden it.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 51.**

52. Currently, Liberty Principles PAC is planning to make independent expenditures supporting and opposing candidates in numerous state legislative races in the 2018 general election, including the races for State Representative for the 19th, 46th, 55th, 56th, 62nd, 111th, and 112th Districts.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 52.**

53. Mr. Proft anticipates that, in some or all of those races, the limits on contributions to candidates will be eliminated under 10 ILCS 5/9-8.5(h-5) due to independent expenditures exceeding the (inflation-adjusted) $100,000 threshold.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53.**

54. Mr. Proft is certain that the limits on contributions to candidates will be eliminated under 10 ILCS 5/9-8.5(h-5) in at least one of those races due to Liberty Principles PAC's own independent expenditures exceeding the threshold.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 54.**

55. When the limits on contributions to candidates are inevitably eliminated in some or all of the 2018 general election races in which Liberty Principles PAC participates, Mr. Proft and Liberty Principles PAC would like to begin coordinating with or otherwise contributing to candidates, just as individuals and other types of organizations will be allowed to do.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 55.**

56. The Election Code will not allow them to do so, however, and they will not do so unless this Court grants them injunctive relief.

**ANSWER:** **Defendants admit that the Election Code does not allow independent expenditure committees like Liberty Principles PAC to coordinate with or contribute to candidates, but denies that Plaintiffs are entitled to injunctive relief.**

57. Mr. Proft has not made coordinated contributions in that race or any race where contribution limits have been lifted, but he would do so if the Code did not prohibit it.

**ANSWER:** **Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 57.**

## COUNT I

## FIRST AMENDMENT

**The Illinois Election Code's ban on contributions to candidates by independent expenditure committees in races in which all other limits on contributions to candidates have been eliminated violates Plaintiffs' First Amendment rights to freedom of speech and freedom of association.**

58. Plaintiffs incorporate the allegations of all of the above paragraphs in this Count by reference.

**ANSWER:** **Defendants incorporate their responses to Paragraphs 1 through 57 by reference.**

59. The United States Supreme Court has recognized only one government interest that can justify campaign-finance restrictions: the prevention of actual or apparent *quid pro quo* corruption. *See Wis. Right to Life State PAC v. Borland,* 664 F.3d 139, 155 (7th Cir. 2011).

**ANSWER:** **Defendants deny the allegations of Paragraph 59.**

60. Therefore, in any challenge to campaign-finance restrictions, the government must show, at a minimum, that its restrictions are narrowly tailored to prevent actual or apparent *quid pro quo* corruption. *See McCutcheon v. FEC,* 134 S.Ct. 1434, 1441, 1456-57 (2014).

**ANSWER:** **Defendants deny the allegations of Paragraph 60.**

61. By prohibiting Plaintiffs from contributing to candidates in races in which limits on contributions to candidates have otherwise been eliminated, the Code infringes Plaintiffs' First Amendment rights to free speech and freedom of association because it prohibits them from contributing money to candidates they wish to support, prohibits them from speaking to candidates for public office (and their respective committees) about political issues, and prohibits them from communicating with the public about political issues in the manner they consider to be most effective.

**ANSWER:** **Defendants deny the allegations of Paragraph 61.**

62. No anti-corruption rationale justifies prohibiting Liberty Principles PAC and other independent expenditure committees from making contributions in races in which all other individuals and organizations are allowed to give candidates unlimited contributions under 10 ILCS 5/9-8.5(h) or (h-5).

**ANSWER:** **Defendants deny the allegations of Paragraph 62.**

63. The state cannot show that, in races in which contribution limits have been eliminated under 10 ILCS 5/9-8.5(h) or (h-5), contributions by independent expenditure committees (which the Code prohibits) would pose a greater threat of corruption than the threat posed by contributions by individuals, PACs, parties, corporations, unions, and other associations (which the Code allows in unlimited amounts).

**ANSWER:** **Defendants deny the allegations of Paragraph 63.**

64. Therefore, the state cannot meet its burden to show that the Code's prohibition on contributions by independent expenditure committees in races in which all other limits on contributions to candidates have been eliminated is narrowly tailored to prevent corruption.

**ANSWER:** **Defendants deny the allegations of Paragraph 64.**

65. Therefore, the Code's prohibition on coordinated expenditures by independent expenditure committees in races where the Code's limits on contributions to candidates have been eliminated under 10 ILCS 5/9-8.5(h) or (h-5) violates the First Amendment.
**ANSWER:** **Defendants deny the allegations of Paragraph 65.**

## COUNT II

## EQUAL PROTECTION

**The Illinois Election Code's ban on contributions to candidates by independent expenditure committees in races where all other limits on contributions to candidates have been eliminated violates the Equal Protection Clause of the Fourteenth Amendment.**

66. Plaintiffs incorporate the allegations of all of the above paragraphs in this Count by reference.

**ANSWER:** **Defendants incorporate their responses to Paragraphs 1 through 65 by reference.**

67. In a race in which contribution limits to candidates have been eliminated under 10 ILCS 5/9-8.5(h) or (h-5), independent expenditure committees and the political donors who are allowed to give candidates unlimited amounts are similarly situated with respect to their contributions' potential to corrupt: Coordinated expenditures or other contributions by an independent expenditure committee would not pose a greater threat of corruption than the unlimited coordinated expenditures and contributions that individuals, ordinary PACs, and other donors may make.

**ANSWER:** **Defendants deny the allegations of Paragraph 67.**

68. No corruption-related difference between independent expenditure committees and other donors justifies banning coordinated expenditures by independent expenditure committees while allowing unlimited coordinated expenditures (and contributions) by the others.

**ANSWER:** **Defendants deny the allegations of Paragraph 68.**

69. Therefore, the Code's prohibition on coordinated expenditures by independent expenditure committees in races where the Code's limits on contributions to candidates have been eliminated violates the Equal Protection Clause of the Fourteenth Amendment.

**ANSWER:** **Defendants deny the allegations of Paragraph 69.**

## PRAYER FOR RELIEF

Plaintiffs request that this Court enter judgment in their favor and against Defendants and:

    A. Declare that the Illinois Election Code's prohibition against contributions by independent expenditure committees in races in which the Code's other limits on contributions to candidates have been eliminated under 10 ILCS 5/9-8.5(h) or (h-

        5) violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment on its face and as applied to Plaintiffs;

B.     Enter a preliminary injunction and a permanent injunction preventing Defendants from enforcing the Illinois Election Code's prohibition on contributions by independent expenditure committees against Plaintiffs and any other independent expenditure committee with respect to any contributions they make in any race in which limits on contributions to candidates have been eliminated under 10 ILCS 5/9-8.5(h) or (h-5);

C.     Award Plaintiffs their reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b); and

D.     Award Plaintiffs any other relief the Court deems just and proper.

**ANSWER:**     **Defendants deny that Plaintiffs are entitled to any relief whatsoever.**

## GENERAL DENIAL

**Defendants deny each and every allegation not specifically admitted herein.**

WHEREFORE, Defendants request that this Honorable Court deny the relief requested in Plaintiffs' Complaint, enter judgment in favor of Defendants and against Plaintiffs, and grant any further relief the Court deems reasonable and just.

                                                                Respectfully submitted,

LISA MADIGAN                                          /s/ *Sarah H. Newman*
Attorney General of Illinois                        Thomas A. Ioppolo
                                                                 Sarah H. Newman
                                                                 Assistant Attorneys General
                                                                 General Law Bureau
                                                                 100 W. Randolph, 13th floor
                                                                 Chicago, Illinois 60601
                                                                 312- 814-7198 / 312-814-6131
                                                                 tioppolo@atg.state.il.us
                                                                 snewman@atg.state.il.us

                                                                *Counsel for Defendants*