**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAN PROFT, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18 CV 4947 |
| | ) | |
| LISA MADIGAN, *et al.,* | ) | |
| | ) | Hon. Virginia M. Kendall |
| Defendants, | ) | |
| | ) | |

**<u>Initial Status Report of the Parties</u>**

The parties submit the following as their initial status report. Plaintiffs Dan Proft and Liberty Principles PAC are represented in this case by Patrick J. Hughes (lead trial counsel), Jeffrey M. Schwab, and James J. McQuaid of the Liberty Justice Center. Defendants Lisa Madigan, William J. Cadigan, John R. Keith, Andrew K. Carruthers, Ian K. Linnabary, William M. McGuffage, Katherine S. O'Brien, Charles W. Scholz, and Casandra B. Watson (the "State Defendants") are all sued in their official capacities and represented by Thomas Ioppolo (lead trial counsel) and Sarah Hughes Newman, Assistant Attorneys General for the State of Illinois.

**1.      Nature of claims and counterclaims**

Plaintiffs allege that the provisions of the Illinois Election Code prohibiting only independent expenditure committees from contributing to or coordinating with a candidate when contribution limits have been eliminated for all other donor and committee types violate the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

**2.     Relief sought by Plaintiffs**

Plaintiffs seek a declaratory judgment holding that the challenged provisions of the

Illinois Election Code violate the First Amendment and the Equal Protection Clause on their face

and as applied; injunctive relief restraining enforcement of those provisions; reasonable costs and

expenses, including attorneys' fees; and all other further relief to which they may be entitled.

**3.     Names of parties not served**

All parties have been served.

**4.     Principal legal issues**

The major legal issue in this case concerns whether the Illinois Election Code's

prohibition of independent expenditure committees from contributing to or coordinating with a

candidate when contribution limits have been eliminated for all other donor and committee types

violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

**5.     Principal factual issues**

Factual issues in the case will pertain to whether the challenged statutes' differing

treatment of different donor types was justified by a sufficiently important governmental interest.

**6.     List of pending motions and brief summary of bases for motions**

Plaintiffs have filed a motion for a preliminary injunction enjoining Defendants from

enforcing Illinois' ban on coordinated expenditures and contributions to candidates by

independent expenditure committees in any race where contribution limits have otherwise been

eliminated under 10 ILCS 5/9-8.5(h) or (h-5). Plaintiffs allege that this ban violates the First

Amendment and the Equal Protection Clause of the Fourteenth Amendment.

Defendants have filed a motion to dismiss the complaint. Defendants assert that the

differences between an independent expenditure committee and other types of donor

organizations provide a rational basis for their different treatment under the Illinois Election Code, and that the Code does not impact Plaintiffs First Amendment rights.

**7.     Description of discovery requested and exchanged**

Plaintiffs have filed their responses to the Court's Mandatory Initial Discovery. No other discovery has been requested or exchanged.

**8.     Type of discovery needed**

Plaintiffs intend to serve written discovery requests related to the implementation and enforcement, and elimination of spending caps.

Defendants intend to serve written discovery requests related to the organization and operation of the Liberty Principles PAC.

**9.     Discovery Schedule**

The Parties propose the following deadlines:

- **Rule 26(a)(1) disclosures:** October 10, 2018

- **Fact discovery completion:** February 28, 2019, with written discovery to be served by November 15, 2018

- **Filing of dispositive motions:** March 29, 2019

- **Filing of a final pretrial order:** 30 days before trial

**10.     Estimation of when the case will be ready for trial**

If the court denies the parties' anticipated cross-motions for summary judgment, the parties estimate that they would be ready for trial 90 days afterward.

**11.     Probable length of trial**

The parties estimate that a trial would last no more than two days.

3

**12.    Whether a request has been made for a jury trial**

The parties have not requested a jury trial.

**13.    Whether there have been settlement discussions**

The parties agree that settlement is not feasible in this case.

**14.    Whether the parties consent to proceed before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

Dated: September 20, 2018

Respectfully submitted,

| | |
|---|---|
| DAN PROFT and LIBERTY PRINCIPLES PAC, Plaintiffs | LISA MADIGAN, WILLIAM J. CADIGAN, JOHN R. KEITH, ANDREW K. CARRUTHERS, IAN K. LINABARRY, WILLIAM M. MCGUFFAGE, KATHERINE S. O'BRIEN, CHARLES W. SCHOLZ, and CASANDRA B. WATSON, Defendants |
| By: /s/ Jeffrey M. Schwab | |
| Patrick J. Hughes | By: /s/ Thomas A. Ioppolo |
| Jeffrey M. Schwab | Thomas A. Ioppolo |
| James J. McQuaid | Sarah Hughes Newman |
| Liberty Justice Center | Assistant Attorneys General |
| 190 S. LaSalle St., Ste. 1500 | 100 W. Randolph Street, 13th Floor |
| Chicago, Illinois 60603 | Chicago, Illinois 60601 |
| Telephone (312) 263-7668 | 312-814-7198 / 312-814-6131 |
| Facsimile (312) 263-7702 | tioppolo@atg.state.il.us |
| phughes@libertyjusticecenter.org | snewman@atg.state.il.us |
| jschwab@libertyjusticecenter.org | |
| jmcquaid@libertyjusticecenter.org | |